IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-162-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| $20,000 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's motion for summary judgment [DE 18]. The motion is now ripe for adjudication. For the reasons stated herein, the motion for summary judgment is GRANTED.

## **BACKGROUND**

This is a civil forfeiture case in which the United States seeks forfeiture of $20,000 in U.S. Currency, alleged to be used or intended to be used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. On March 5, 2014, the United States served on claimant a first set of requests for admission. Claimant has failed to make any response or objection to the requests even in the face of an order from this Court compelling claimant to respond to the special interrogatories of the United States or else have default judgment entered. [DE 20]. Because of claimant's failure to respond, the matters addressed by the requests are therefore deemed admitted pursuant to FED. R. CIV. P. 36(b).

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

In a civil forfeiture action, the United States bears the burden of proving by a preponderance of the evidence that the defendant property is subject to forfeiture, either as proceeds of an illegal drug transaction, or as intended for use in an illegal drug transaction. *See* 18 U.S.C. § 983(c)(1). If, as is the case here, the United States' theory of forfeiture is that the property was used to commit or facilitate the commission of a drug offense, or was involved in the commission of a drug offense, the United States must show that there is a "substantial connection" between the defendant property and a drug offense. *See* 18 U.S.C. § 983(c)(3). A substantial connection is one that is more than coincidental or fortuitous. *See e.g. United States v. Beechcraft Aircraft*, 777 F.2d 947, 953 (4th Cir. 1985); *United States v. 475 Cottage Drive*, 433 F. Supp. 2d 647, 654–55 (M.D.N.C. 2006).

Here the facts deemed admitted to by claimant establish by preponderance of the evidence that such a "substantial connection" exists. The currency was used or intended to be used in exchange for controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act. During his encounter with law enforcement on February 23, 2013, law enforcement smelled the odor of marijuana coming from

2

the claimant's person and claimant was not on his was to see his real estate attorney to pay him for a real estate closing. This is contrary to the explanation given to the police on that night.

A police dog alerted to the presence of narcotics on the defendant currency, which is a fact entitled to probative weight. *See United States v. $50,700 in U.S. Currency*, 589 F. Supp. 2d 582, 584 (E.D.N.C. 2008). Canine alerts are reliable and "detectable odor ordinarily remains on suspect currency for only a brief period of time following contact with narcotics." *Id.* (quotation omitted).

This evidence, coupled with other circumstantial evidence before the Court prove by a preponderance of the evidence that defendant currency is subject to forfeiture. There is no genuine issue of any material fact concerning this and, accordingly, summary judgment is granted in favor of the plaintiff. The claim filed by claimant is dismissed and the defendant currency is forfeited pursuant to 21 U.S.C. § 881(a)(6).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED. The claim filed by claimant is DISMISSED and the defendant currency is FORFEITED pursuant to 21 U.S.C. § 881(a)(6). Further, plaintiff's motions for entry of default [DE 22] and motion for default judgment [DE 23] are DENIED AS MOOT. The Clerk is DIRECTED enter judgment accordingly and to close the file.

SO ORDERED.

This the _18_ day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3